**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN HANCOCK LIFE INS. CO.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:15-cv-0648** |
| | : | |
| v. | : | |
| | : | **(JUDGE MANNION)** |
| **BERTRAND ALBERT SCHROEDER,** et al., | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

This case involves an interpleader action, pursuant to Fed.R.Civ.P. 22, filed on April 2, 2015, by plaintiff John Hancock Life Insurance Company (U.S.A.) ("John Hancock") to determine the proper recipient of John Hancock Annuity No. 55004336 ("the annuity"). (Doc. 1). The court has diversity jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1332. The court also has jurisdiction over the instant interpleader action pursuant to 28 U.S.C. §1335. See Massachusetts Mut. Life Ins. Co. v. Curley, 459 Fed.Appx. 101 (3d Cir. 2012). Venue is proper in this court since an interpleader action may be brought in the judicial district in which one or more of the claimants reside. 28 U.S.C. §1397.

**I.    BACKGROUND**

Pending before the court is the plaintiff's request for entry of default pursuant to Fed.R.Civ.P. 55(a), and motion for discharge in interpleader.

(Doc. 8). The motion was filed on June 11, 2015.

Defendants Bertrand Albert Schroeder, Damon Bertrand King, in his capacity as personal representative of the Estate of Donna Lynn Schroeder (the "Estate"), Damon Bertrand King, in his individual capacity, and Johnathan Vincent King (collectively, "Interpleader Defendants") were served with plaintiff's complaint for interpleader, (Docs. 4, 5, 6, 7), and failed to timely plead or otherwise defend. Nor did any defendant make a timely claim against plaintiff in this case for the annuity payment.[1] Plaintiff filed a brief in support of its request for entry of default and motion for discharge in interpleader, (Doc. 9), as well as a certificate of service, (Doc. 10), indicating service on the Interpleader Defendants by regular mail on June 11, 2015. Subsequently, no defendant responded to plaintiff's request and motion.

On June 17, 2015, the court directed personal service of the plaintiff's request for entry of default and motion for discharge in interpleader as well as its brief in support on the Interpleader Defendants. (Doc. 11). The court

---

[1]In its brief in support of its request for entry of default and motion for discharge in interpleader, (Doc. 9, at 5), plaintiff states:

> On October 14, 2014, John Hancock received a Beneficiary Claim Statement signed by Mr. Damon King, acting in his capacity as Mr. Schroeder's attorney-in-fact. In the form, Mr. Damon King identifies Mr. Schroeder as beneficiary under the annuity and requests a "spousal continuation" of the contract. The form also designates the Estate of Bertrand Schroeder as the new primary beneficiary. See Compl., [Doc. 1] Ex. E.

2

ordered plaintiff to personally serve all of the defendants with its stated filings, particularly since no counsel had entered an appearance for any defendant and since defendants Bertrand Schroeder and Johnathan Vincent King were incarcerated. The court stated that it would not accept the annuity proceeds in the Registry of the Court and discharge plaintiff from all liability until sufficient measures were taken to assure that a process would be in place to adjudicate claims to the proceeds and to distribute the proceeds. The plaintiff personally served Interpleader Defendants with its request for entry of default and motion for discharge in interpleader, (Doc. 8), and its brief in support, (Doc. 9). On July 8 and 9, 2015, the plaintiff filed certificates of service demonstrating personal service on Interpleader Defendants of its stated filings. (Docs. 12, 13, 14, 15).

On July 16, 2015, the plaintiff filed a motion for leave to file of record a *pro se* letter from defendant Johnathan Vincent King dated June 23, 2015, a brief in support with attachments, and a certificate of service. (Docs. 16, 17, 18). On July 20, 2015, the motion was granted and the plaintiff was directed to file the referred-to letter of record along with the plaintiff's response. (Doc. 19). The plaintiff then did so. (Doc. 20).

Defendant Johnathan Vincent King is the son of decedent Donna Lynn Schroeder, the co-owner of the annuity. His father, Bertrand Albert Schroeder is the other co-owner of the annuity. In his letter, (Doc. 20-1), defendant Johnathan Vincent King indicates that while he has received copies of the plaintiff's filings, he does not understand them. He also states that it is his

3

understanding that under the Pennsylvania Slayer's Act[2] "no person can benefit from the unlawful killing of another person" and that he does not "think it would be right for [plaintiff] to pay [] Bertrand Schroeder the money from [the annuity] because on September 9, 2012[,] he shot and killed my mother." (Doc. 20-1, at 1-2). Defendant Johnathan Vincent King also states that he does not know how to proceed and how to respond to plaintiff's complaint but he believes that Bertrand Schroeder should be precluded from receiving the annuity proceeds. (Id.). While defendant Johnathan Vincent King asked plaintiff's counsel to give him legal advice, counsel explained that he could not answer Mr. King's questions or ensure that his interests were presented. (Doc. 20).

On July 31, 2015, counsel entered an appearance for defendant Damon Bertrand King, individually, and as the power of attorney ("POA") of defendant Johnathan Vincent King. (Doc. 21). On August 7, 2015, defendant Damon Bertrand King, individually, and as the POA of defendant Johnathan Vincent King, filed an answer to plaintiff's complaint and cross-claim against Bertrand Albert Schroeder. (Doc. 22). In his answer, defendant Damon Bertrand King

---

[2]The Slayer's Act, 20 Pa.C.S. §8802, provides in relevant part, that "[n]o slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent." A "slayer" is any person who participates "in the willful and unlawful killing of any other person." 20 Pa.C.S. §8801. The Slayer's Act "disentitles a murderer of an insured to the benefit of his criminal act." Rottmund v. Continental Assur. Co., 761 F.Supp. 1203, 1209 (E.D.Pa. 1990).

4

avers, in part, that the Slayer's Act disqualifies Bertrand Albert Schroeder "from sharing in any property or benefit arising from the death of Donna Lynn Schroeder" and, that "a plea of *nolo contendere* is the equivalent of a conviction under Pennsylvania's Crimes Code" and constitutes a conviction under the Slayer's Act precluding Bertrand Albert Schroeder's right to recover the annuity benefit.³ (Id., at 2). As such, Damon Bertrand King requests the court to accept plaintiff's interpleader, to direct plaintiff to pay the annuity's death benefit to him, individually, and to declare that Bertrand Albert Schroeder has no right to the annuity's death benefit. (Id., at 3). Similarly, in his cross-claim, Damon Bertrand King alleges that the Slayer's Act bars Bertrand Albert Schroeder from receiving the annuity benefit, and that he and Johnathan Vincent King "are the rightful contingent beneficiaries to the death benefit of the annuity." Damon Bertrand King states that he agrees to hold the share of his brother Johnathan Vincent King for him. (Id., at 4-5).

On August 24, 2015, plaintiff filed an amended motion to update the present state of this case as reflected on the docket and to incorporate recently filed pleadings. (Doc. 25). Plaintiff also filed its brief in support of its amended motion. (Doc. 26). Plaintiff conferred with counsel for Defendant

---

³On January 5, 2015, Bertrand Albert Schroeder pled *nolo contendere* to "Voluntary Manslaughter-Provocation", a first degree felony, regarding the shooting death of Donna Lynn Schroeder in the Wayne County Court of Common Pleas. (Doc. 1-5). Mr. Schroeder was sentenced on March 19, 2015. *See* Com. of PA v. Bertrand Albert Schroeder, No. CP-64-CR-0000428-2012.

5

Damon King and he concurred with plaintiff's motion for discharge but he did not consent to its request for attorney's fees and costs.

## II. DISCUSSION

"Interpleader allows a party holding property–called the 'stakeholder'–to join in a single suit two or more parties asserting mutually exclusive claims to that property." Phoenix Ins. Co. v. Small, --- F.R.D. ----, 2015 WL 2378607, *1 (E.D.Pa. May 19, 2015) (citing NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d 371, 373 n. 1 (3d Cir. 1995)). "Interpleader protects the stakeholder from the hazards of navigating competing claims and having multiple liability claims from several claimants while giving the ultimately prevailing party ready access to the disputed funds." Id. (citing " NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d at 374. "The federal interpleader statute, ..., is a remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d at 374 (citation omitted). Thus, interpleader permits a stakeholder who "admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] ... to file suit, deposit the property with the court, and withdraw from the proceedings." Metro Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir 2007).

In Phoenix Ins. Co. v. Small, --- F.R.D. ----, 2015 WL 2378607, *1, the court stated:

> Actions under the federal interpleader statute tend to proceed in two stages. First, the Court determines whether the statute's requirements have been met and whether the stakeholder may be relieved from liability. NYLife Distrib., Inc. [v. Adherence Group, Inc.], 72 F.3d [371] at 375 [(3d Cir. 1995)]. Second, the Court adjudicates the adverse claims to the interpleaded *res*. *Id*.

The instant interpleader action can now move forward from the first step. Pending is the plaintiff's amended request for entry of default and motion for discharge in interpleader. (Doc. 25). Defendant Damon Bertrand King has responded to the plaintiff's complaint and he has submitted a cross-claim to the annuity's death benefit on behalf of himself and as POA for Johnathan Vincent King. As such, this case can advance to the second step in which the court adjudicates the defendants' adverse claims to the annuity's death benefit. "The second stage, which proceeds like any other action, is ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d at 375.

The requirements of the interpleader statute have been met and plaintiff John Hancock can be relieved from liability. "The very purpose of interpleader is to relieve an obligor from the vexation of multiple claims in connection with a liability admittedly owed." Phoenix Ins. Co. v. Small, --- F.R.D. ----, 2015 WL 2378607, *8 (citing Francis I. DuPont & Co. v. Sheen, 324 F.2d 3, 4 (3d Cir. 1963). The plaintiff has availed itself of the equitable remedy of interpleader

7

in good faith and has filed this action. The elements of an interpleader action have been pled pursuant to §1335. The plaintiff's interest is limited to the annuity proceeds and its interest is resolved by the claim to the proceeds now filed, (Doc. 22). The court will direct the plaintiff to deposit the annuity proceeds in its Registry and the plaintiff asserts no remaining claim to the proceeds. Plaintiff John Hancock's request for attorneys' fees and costs does not alter this analysis.[4] Id. at *9. If this interpleader action proceeds without plaintiff John Hancock, there will be no harm to any of the other parties since they will be able to litigate who is entitled to the annuity proceeds. Thus, "[r]elieving [John Hancock] from liability as to the *res* and its equitable distribution accomplishes the goals of interpleader—including the efficient administration of justice." Id. Plaintiff John Hancock will be discharged from any further liability with respect to the annuity proceeds. *See* Prudential Ins. Co. of America v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009). Interpleader Defendants will remain to litigate the annuity proceeds between themselves. Id.

---

[4]In the plaintiff's proposed discharge order, (Doc. 25-3), it seeks the court to order that it is entitled to its reasonable attorneys' fees and costs incurred in this case and to direct it to file a motion for its fees. The court declines to include this opposed provision in its discharge order, without prejudice, to any motion the John Hancock deems appropriate seeking its fees and costs.

## III. CONCLUSION

Plaintiff John Hancock's <u>original</u> request for entry of default and motion for discharge in interpleader, (Doc. 8), will be denied as moot.

Defendants Damon Bertrand King and Johnathan Vincent King have responded to the plaintiff's complaint, (Doc. 22), which will be accepted as timely filed *nunc pro tunc*. These defendants have also submitted a claim to the annuity's death benefit. Plaintiff John Hancock's <u>amended</u> request for entry of default pursuant to Fed.R.civ.P. 55(a), (Doc. 25), will be granted with respect to defendant Bertrand Albert Schroeder and default will be entered against this defendant regarding plaintiff's complaint.

The plaintiff's amended motion for discharge in interpleader, (Doc. 25), will be granted and plaintiff John Hancock will be dismissed as a party in this case. *See* 28 U.S.C. §2361 (The district court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."). By separate order, a motion and briefing schedule for the remaining parties will be established to resolve the merits of the claims and the equitable distribution of the annuity proceeds. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 8, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0648-01.wpd