UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAMON BERTRAND KING and JONATHON VINCENT KING**, : | |
| : | |
| Plaintiffs, : | CIVIL NO. 3:15-CV-0648 |
| : | |
| v. : | |
| : | (JUDGE MANNION) |
| **BERTRAND ALBERT SCHROEDER** : | |
| : | |
| Defendant. : | |

## **MEMORANDUM**

This case was initiated on April 2, 2015, as an interpleader action, pursuant to Fed.R.Civ.P. 22, by former plaintiff John Hancock Life Insurance Company (U.S.A.) ("John Hancock") to determine the proper recipient of John Hancock Annuity No. 55004336 ("the Annuity"). (Doc. 1). The court has diversity jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1332. The court also has jurisdiction over the instant interpleader action brought in diversity pursuant to 28 U.S.C. §1335. See Massachusetts Mut. Life Ins. Co. v. Curley, 459 Fed.Appx. 101 (3d Cir. 2012). Venue is proper in this district since an interpleader action may be brought in the judicial district in which one or more of the claimants reside. 28 U.S.C. §1397. The court now determines that Damon Bertrand King and Johnathan Vincent King are the proper contingent beneficiaries of the Annuity death benefit proceeds. As such, their motion for summary judgment will be **GRANTED**.

**I.   Background**[1]

After the original defendants failed to respond to John Hancock's interpleader complaint, the court ordered personal service upon them. (Doc. 11). On July 31, 2015, counsel entered an appearance for Damon Bertrand King, individually, and as the power of attorney ("POA") of Johnathan Vincent King. (Doc. 21). On August 7, 2015, Damon Bertrand King, individually, and as the POA of Johnathan Vincent King, filed an answer to John Hancock's complaint and cross-claim against Bertrand Albert Schroeder. (Doc. 22). In his answer, Damon Bertrand King averred, in part, that Bertrand Albert Schroeder was disqualified from receiving any of the Annuity death benefits. Damon Bertrand King requested the court to accept John Hancock's interpleader, to direct it to pay the Annuity's death benefit to him, individually, and as POA for Johnathan King, and to declare that Bertrand Albert Schroeder has no right to the proceeds. In his cross-claim, Damon Bertrand King alleged that the Pennsylvania Slayer's Act barred Bertrand Albert Schroeder from receiving the Annuity death benefit, and that he and Johnathan Vincent King were the proper contingent beneficiaries of the Annuity. Damon Bertrand King stated that he would hold the share of his brother Johnathan Vincent King for him. Bertrand Albert Schroeder did not respond to John Hancock's complaint or to Damon Bertrand King's cross-

---

[1]Since the full background of this case is stated in the court's September 8, 2015 memorandum, (Doc. 27), it is not restated herein. See 2015 WL 5227930 (M.D.Pa. Sept. 8, 2015).

2

claim.

On September 8, 2015, the court issued a memorandum and an order granting John Hancock's Motion for Discharge in Interpleader and directing that John Hancock deposit the proceeds of the death benefit of the Annuity into the Registry of the Court, until the entry of a final judgment in this action and the expiration of any appeal period. (Docs. 27, 28). The court also granted John Hancock's amended request for entry of default, (Doc. 25), with respect to defendant Bertrand Albert Schroeder, and default was entered against this defendant. On September 14, 2015, John Hancock filed a Notice of Payment indicating that it mailed the Clerk of Court the proceeds of the Annuity death benefit to be deposited into the Registry of the Court. (Doc. 30). The Clerk of Court received the proceeds in the amount of $135,682.94 and deposited them into the Registry of the Court where they were placed in an interest-bearing account.

On September 22, 2015, John Hancock filed a motion for attorneys' fees, (Doc. 33). On September 28, 2015, the court issued an Order dismissing John Hancock from this action. The court also directed the Clerk of Court to docket Damon Bertrand King, individually, and as the POA of Johnathan Vincent King, and Johnathan Vincent King as the plaintiffs in this case, and to docket Bertrand Albert Schroeder as the defendant. (Doc. 36). The court further ordered plaintiffs Damon Bertrand King and Johnathan Vincent King to file a motion for summary judgment and brief in support together with a statement of material facts and supporting evidence, with

respect to their claim to the Annuity proceeds, by October 30, 2015. Plaintiffs were also directed to personally serve their motion, brief and statement of material facts on defendant Bertrand Albert Schroeder. Defendant Bertrand Albert Schroeder was directed to file his brief in opposition to plaintiffs' summary judgment motion and his response to plaintiffs' statement of material facts within 20 days after he was served with them.

On October 13, 2015, the court, in its discretion, granted John Hancock's motion for attorneys' fees in the amount of $10,401.50. (Doc. 38). See Metro. Life Ins. Co. v. Kubichek, 83 Fed. Appx. 425, 431 (3d Cir. 2003).

Pending before the court is the motion for summary judgment, pursuant to Fed.R.Civ.P. 56, of plaintiffs Damon Bertrand King and Johnathan Vincent King with respect to their claim to the Annuity proceeds. (Doc. 42). The motion was filed on October 26, 2015, along with attached exhibits. Plaintiffs simultaneously filed their brief in support and their statement of material facts. (Docs. 43, 44). Plaintiffs contend that they are the rightful contingent beneficiaries to the death benefit of the Annuity. As directed, plaintiffs indicate that they personally served their filings on defendant Bertrand Albert Schroeder who is imprisoned at SCI-Houtzdale. (Doc. 42, at 57). Defendant Schroeder has failed to timely file his brief in opposition to plaintiffs' summary judgment motion and his response to plaintiffs' statement of material facts. Nor has defendant Schroeder requested an extension of time.

On December 17, 2015, Bertrand Albert Schroeder sent a letter dated December 14, 2015 to plaintiffs' counsel stating that due to Pennsylvania's

Slayer's Act, "I doubt I'll get anything from my late wife's (Donna Lynn Schroeder) annuity. I think both my sons Damon Bertrand King and Johnathan Vincent King should be awarded the annuity money and that it should be equally divided between them." He also requests that counsel inform the court of his position. (Doc. 47, at 4).

## II.   Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most

favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

Moreover, the Third Circuit indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" Goode v. Nash, 241 Fed. Appx. 868 (3d Cir. 2007) (citation omitted). A material factual dispute is one that may affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party

6

"fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007); Watson v. Eastman Kodak Co., 235 F.3d 851, 858 (3d Cir. 2000) (the non-movant must establish the existence of each element on which it bears the burden of proof).

### III.    Material Facts[2]

Since plaintiffs have properly filed their statement of material facts, (Doc. 44), and their facts are properly supported by citation to the record, and since defendant has not responded to them, the court will deem as admitted plaintiffs' facts. See Carpenter v. Kloptoski, 2012 WL 911558, *1 (M.D. Pa. March 16, 2012) ("Because Plaintiff has failed to file a separate statement of material facts controverting the statement filed by Defendant, all material facts set forth in Defendant's statement [] will be deemed admitted.").[3]

---

[2]All of the facts are taken from the plaintiffs' unopposed statement of material facts, (Doc. 44) and their exhibits, (Doc. 42, at 6-55). None of the facts have been disputed by defendant Schroeder.

[3]In the case of Barthalow v. David H. Martin Excavating, Inc., 2007 WL 2207897, * 1 n. 5, (M.D.Pa. 2007), the court noted:

> The Middle District of Pennsylvania's Local Rule of Court 56.1 provides that a summary judgment motion must include a separate concise statement of material facts. M.D.Pa. Local R.

7

Based on plaintiffs' undisputed statement of material facts and exhibits, the court finds the following material facts. On August 27, 2003, a Certificate with Contract No. 55004336, i.e., the Annuity, was issued by Manufacturers Life Insurance Company naming Bertrand A. Schroeder and Donna Lynn Schroeder, husband and wife, as co-owners, and named Donna Lynn Schroeder as the annuitant.[4] The Annuity named their sons Damon Bertrand Schroeder and Johnathan Vincent Schroeder as beneficiaries.[5] The Annuity has a maturity date of January 1, 2045. It provided that the annuitant, Donna Lynn Schroeder, would receive a monthly income if she were alive on the maturity date. Further, the Annuity provided that if Donna Lynn Schroeder or Bertrand A. Schroeder died before the maturity date, a death benefit would be paid to the beneficiary. Additionally, the Annuity provided that if there was a surviving owner, that person would be treated as the beneficiary. However, if no beneficiary is living, the beneficiary is any contingent beneficiary. If no

---

56.1. The rule also requires that an opposition to a summary judgment motion must similarly include a statement that "responds to the numbered paragraphs set forth in [the moving party's concise statement of material facts], as to which it is contended that there exists a genuine issue to be tried." *Id.* Moreover, "[a]ll material facts set forth in [the moving party's statement] will be deemed to be admitted unless controverted by the [opposing party's statement]." *Id.*

See also Rossi v. Progressive Ins., 813 F. Supp. 2d 643 (M.D.Pa. 2011).

[4]In 2004, the Manufacturers Life Insurance Company merged with John Hancock Financial Services Inc. and was renamed John Hancock Life Insurance Company (U.S.A.). (Doc. 26, at 3 n.1).

[5]Subsequently, Damon Bertrand Schroeder and Johnathan Vincent Schroeder legally changed their last names to King.

beneficiary or contingent beneficiary is living, the beneficiary is the estate of the deceased owner.

On September 9, 2012, Bertrand Schroeder shot his wife, Donna Lynn Schroeder, in the neck with his rifle and she died. As such, under the terms of the Annuity, Bertrand Schroeder became the surviving owner and beneficiary of the Annuity.

On October 31, 2012, Bertrand Schroeder was charged in the Wayne County Court of Common Pleas with criminal homicide with respect to the shooting death of Donna Lynn Schroeder, possession of a firearm, and 60 counts of cruelty to animals.

On January 8, 2013, the Wayne County Register of Wills granted Letters of Administration for the Estate of Donna Lynn Schroeder to Damon Bertrand King. On June 17, 2013, Bertrand Schroeder named Damon Bertrand King his attorney-in-fact pursuant to a durable power attorney.

On October 14, 2014, John Hancock received a Beneficiary Claim Statement signed by Damon King, acting in his capacity as Bertrand Schroeder's attorney-in-fact. In the form, Damon King identified Mr. Schroeder as beneficiary under the Annuity and requested a "spousal continuation" of the contract. The form also designated the Estate of Bertrand Schroeder as the new primary beneficiary. (Doc. 1-6).

On January 5, 2015, Bertrand Albert Schroeder pled nolo contendere to "Voluntary Manslaughter-Provocation", a first degree felony, regarding the shooting death of Donna Lynn Schroeder in the Wayne County Court of

9

Common Pleas. (Doc. 1-5). Bertrand Schroeder was sentenced on March 19, 2015, and is presently serving his prison sentence. See Com. of PA v. Bertrand Albert Schroeder, No. CP-64-CR-0000428-2012.[6]

## IV. Discussion

In Phoenix Ins. Co. v. Small, 307 F.R.D. 426, 429 (E.D.Pa. 2015), the court stated:

> Actions under the federal interpleader statute tend to proceed in two stages. First, the Court determines whether the statute's requirements have been met and whether the stakeholder may be relieved from liability. NYLife Distrib., Inc. [v. Adherence Group, Inc.], 72 F.3d [371] at 375 [(3d Cir. 1995)]. Second, the Court adjudicates the adverse claims to the interpleaded *res*. *Id*.

The court has previously determined that the requirements of the interpleader statute were met, and John Hancock has been discharged from any further liability with respect to the Annuity proceeds. See Prudential Ins. Co. of America v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009). The instant interpleader action is now at the second step and the court will decide the claims to the Annuity proceeds. "The second stage, which proceeds like any other action, is ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d at 375.

---

[6]The court reviewed Bertrand Schroeder's Wayne County Criminal Docket for case number CP-64-CR-0000428-2012 at http://ujsportal.pacourts.us. The court takes judicial notice of his Wayne County Criminal Docket.

Damon Bertrand King, individually and POA of Johnathan Vincent King, made a claim for himself as a contingent beneficiary of the Annuity and on behalf of his brother, Johnathan Vincent King, by virtue of his POA. Also, in accordance with the POA, Damon Bertrand King agrees to hold Johnathan Vincent King's share of the Annuity for him. The claim of Damon Bertrand King and Johnathan Vincent King is uncontested. As stated, Bertrand Schroeder did not file a brief in opposition to the summary judgment motion of Damon Bertrand King and Johnathan Vincent King. Under Local Rule 7.6, M.D.Pa., he is deemed as not opposing the motion. Nonetheless, the court will analyze the merits of the motion since Bertrand Schroeder is pro se. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (The Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed if an adequate warning was not provided regarding the consequences of failing to file a brief.).

With respect to the claim of Bertrand Schroeder as surviving owner of the Annuity, the court finds that his willful killing of Donna Lynn Schroeder, and his subsequent plea of nolo contendere to voluntary manslaughter serves as a bar to his recovery of the Annuity proceeds pursuant to Pennsylvania's Slayer's Act, 20 Pa.C.S. §8802. The Slayer's Act, 20 Pa.C.S. §8802, provides in relevant part, that "[n]o slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent." A "slayer" is any person who participates "in the willful and unlawful killing of any other person." 20 Pa.C.S. §8801. The Slayer's Act "disentitles a murderer of an

insured to the benefit of his criminal act." Rottmund v. Continental Assur. Co., 761 F.Supp. 1203, 1209 (E.D.Pa. 1990). "[T]he public policy established by the Act [provides that] 'that no person shall be allowed to profit by his own wrong.'" Id. (citing 20 Pa.C.S. §8815).

A plea of nolo contendere is the equivalent of a conviction in Pennsylvania and a nolo plea can be used to prove the fact of conviction. See U.S. v. Poellnitz, 372 F.3d 562 (3d Cir. 2004); see also Com. v. Leidig, 850 A.2d 743, 745 (Pa.Super. 2004) ("in terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea"). However, "in Pennsylvania a nolo plea does not constitute an admission of factual guilt, and thus has no evidentiary value in assessing whether the defendant committed a crime." Id. at 567. "Thus, the Pennsylvania evidence code draws a distinction between the permissible use of a nolo plea to prove the fact of conviction and the impermissible use of a nolo plea as evidence of guilt in a subsequent proceeding [such as a revocation hearing]." Id. at 568. "Under Pennsylvania law, '[a]lthough the effect of a plea of nolo contendere is equivalent to a plea of guilty, the import of the pleas is not the same. In pleading nolo contendere, the defendant does not admit his guilt, but merely consents to being punished as if he were guilty.'" Id. (quoting Commonwealth v. Gunter, 565 Pa. 79, 771 A.2d 767, 773 (2001)). Additionally, in Pennsylvania, a criminal conviction is a final judgment and a party can invoke the doctrine of collateral estoppel in a civil proceeding until the conviction is reversed on appeal. Shaffer v. Smith, 543 Pa. 526, 673 A.2d 872, 875 (1996).

As such, Bertrand Schroeder's nolo plea establishes that he was convicted of voluntary manslaughter. His nolo plea can thus be used in this case as evidence of the fact of his conviction as opposed to evidence with respect to the commission of the underlying crime. Although, Mr. Schroeder is not precluded from denying or contesting the underlying facts of his voluntary manslaughter conviction based on his nolo plea, neither he nor plaintiffs have submitted any evidence regarding the specific facts of his conviction. Further, Mr. Schroeder has not responded to any pleading in this case, and he has not filed a brief opposing the summary judgment motion by arguing that he did not willfully kill Donna Lynn Schroeder. Thus, since no facts regarding the fatal shooting of Mrs. Schroeder are in the record, the court will examine only the elements of a voluntary manslaughter conviction under Pennsylvania law.

Voluntary manslaughter is defined in 18 Pa.C.S. §2503(a) as: "A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by: (1) the individual killed; or (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed. Section 2503(b) provides that: "A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his

belief is unreasonable." "A person is guilty of voluntary manslaughter if, either he acted under a sudden and intense passion resulting from a serious provocation or if he 'knowingly and intentionally kills an individual' under the unreasonable belief that the killing was justified." Com. v. Weston, 561 Pa. 199, 749 A.2d 458, 462 (2000).

The Pennsylvania Supreme Court has held that the term "willful" has many meanings, such as intentional and deliberate, and that its meaning depends on the context in which it is used. In re Klein's Estate, 474 Pa. 416, 378 A.2d 1182, 1185 (1977). In *Klein*, the court held that "a conviction for involuntary manslaughter does not require that the killing be committed intentionally or with malice" and that this crime is excluded from the scope of the Slayer's Act. Id. Thus, the issue in the present case is whether a conviction for voluntary manslaughter in Pennsylvania requires that the killing be committed intentionally or with malice. The court finds that it is an intentional killing.

In Pennsylvania, the term "voluntary manslaughter" contemplates an intentional or voluntary act on part of defendant. Com. v. Mason, 474 Pa. 308, 378 A.2d 807 (Pa.Super. 1977). "Voluntary manslaughter involves the specific intent to kill but, by reason of passion and provocation, contains no legal malice." Com. v. Pitts, 404 A.2d 1305, 486 Pa. 212 (Pa.Super. 1979). In Com. v. Campbell, 451 Pa. 465, 468, 304 A.2d 121, 122 (1973), the Pennsylvania Supreme Court, referring to voluntary manslaughter, stated "that it is an intentional killing which is perpetrated while under the influence

of overriding passion, . . ." In Com. v. Butcher,451 Pa. 359, 364, 304 A.2d 150, 153 (1973), the Supreme Court indicated that a necessary element of both murder in the first degree and voluntary manslaughter is the specific intent to kill. Thus, voluntary manslaughter is an intentional killing in Pennsylvania. Com. v. Fisher, 342 Pa.Super. 533, 493 A.2d 719 (1985).

Moreover, plaintiffs, (Doc. 43, at 10-11), cite to the case of In re Estate of Bartolovich, 420 Pa. Super. 419, 421-23, 616 A.2d 1043, 1044-45 (1992), which held that "voluntary manslaughter is a wilful killing under the Slayer's Act" and that "Mr. Bartolovich's conviction of voluntary manslaughter conclusively bars his right to share in the decedent's estate." The court stated that "[w]ilfullness within the meaning of the Slayer's Act is equivalent to the intent element of voluntary manslaughter." Id. The court in *Bartolovich* also held that a hearing to determine "Mr. Bartolovich's mental state was unwarranted." Id. (citing In re Estate of Kravitz, 418 Pa. 319, 211 A.2d 443 (1965) ("In *Kravitz*, the Court held that the record of a criminal conviction conclusively bars the slayer's right to share in the decedent's estate.").

Therefore, this court finds that under Pennsylvania law, Bertrand Schroeder's nolo contendere plea constituted a voluntary manslaughter conviction and, that this conviction constituted a willful killing within the meaning of the Slayer's Act. Thus, because Mr. Schroeder was convicted of voluntary manslaughter, he is barred from recovering any insurance benefit from Mrs. Schroeder's estate, including the Annuity benefit. See 20 Pa.C.S.

15

§8811(a)[7]; In Re: Trust Estate of Jamison, 431 Pa.Super. 486, 492, 636 A.2d 1190, 1193 (1994). Since Bertrand Schroeder is precluded from receiving the Annuity death benefit, Damon Bertrand King and Johnathan Vincent King as contingent beneficiaries shall be equally awarded the remaining Annuity proceeds. Additionally, Bertrand Schroeder has conceded that his two sons should equally receive the Annuity death benefit. (Doc. 47).

Counsel for plaintiffs represented that Damon King would hold the share of Johnathan King as POA, however, he did not submit any documentation in the record explaining why there was a need for a POA. Nor was it clear if Damon King was also guardian of Johnathan King and whether there was an issue of competency. Further, it was not known if Damon King was a "fiduciary" with respect to Johnathan King under the Pennsylvania Probate, Estates and Fiduciaries Code ("PEF" Code), and whether he was Johnathan's agent. See 20 Pa.C.S.A. §5601, et seq. The record indicated only that Johnathan King is confined at Green Rock Correctional Center, Chatham, Virginia, (Docs. 7, 13). Thus, the court was unable to determine if a hearing was necessary to approve the distribution of Johnathan King's share to

---

[7]The Slayer's Act provides in relevant part:

Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy ... of insurance on the life of the decedent ... shall be paid to the estate of the decedent, unless the policy ... designates some person not claiming through the slayer as alternative beneficiary to him.

20 Pa.C.S. §8811(a).

16

Damon King as POA.

Accordingly, an order was issued on November 25, 2015, directing counsel for the plaintiffs to explain why he requests payment of the entire remaining balance of the Annuity proceeds to Damon King, individually and as POA for Johnathan King by December 11, 2015. (Doc. 45). Counsel was also directed to explain why Johnathan King cannot directly receive his share of the Annuity.

On December 11, 2015, counsel for the plaintiffs responded to the court's order and represented that Damon King has been acting on behalf of his brother, Jonathan King, who has given him POA in order to more efficiently and expeditiously respond to this action. Counsel also stated that Johnathan King consented to allow Damon King to act as his fiduciary under the PEF Code until the termination of this case and the final distribution of the Annuity proceeds. (Doc. 46).

As counsel recognizes, Damon King, as POA, is an agent and fiduciary with respect to Johnathan King. The court in In re Shahan, 429 Pa.Super 91, 99, 631 A.2d 1298, 1303 (1993) (citations omitted), noted:

> Under Pennsylvania law, the duty of an agent to his principal is one of loyalty in all matters affecting the subject of his agency, and the 'agent must act with the utmost good faith in the furtherance and advancements of the interests of his principal.' This duty is the same as that of fiduciary which has been described as the duty to act for the benefit of another as to matters within the scope of the relation.

As such, Damon King owes Johnathan King a fiduciary duty with respect to the Annuity proceeds. Nonetheless, since counsel indicates that

Johnathan King's POA will end when the Annuity proceeds are distributed and this case is closed, the court will direct payment of the Annuity proceeds to Damon King, individually, and Johnathan King, individually, in equal shares.

## V.   Conclusion

Plaintiffs' motion for summary judgment, (Doc. 42), will be **GRANTED**. **JUDGMENT** will be entered in favor of plaintiffs Damon Bertrand King and Johnathan Vincent King and, against defendant Bertrand Albert Schroeder. Plaintiffs, individually, will be awarded the Annuity proceeds in equal shares. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 12, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0648-02.wpd